## CALDWELL STATE BANK et al. v. COWAN;

No. 13650—Opinion Filed April 22, 1924.

1. **Appeal and Error—Sufficiency of Evidence to Support Referee's Findings and Judgment.**

Where an action has been referred to a referee to make his findings of fact and conclusions of law and report the same back to the court, and such report of the referee is approved by the trial court and judgment rendered thereon, and on appeal to this court the error complained of is that the findings of fact and conclusions of law of the referee and the judgment of the trial court are not sustained by the evidence, such findings of fact and judgment will not be disturbed on appeal unless this court can say they are clearly against the weight of the evidence.

2. **Same.**

The record examined, and held, that the findings of fact of the referee and judgment of the trial court are not against the weight of the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Nathan Cowan, against the Caldwell State Bank and others. From judgment in favor of the plaintiff, defendants bring error. Affirmed.

T. G. Cutlip, for plaintiffs in error.

Goode & Dierker, for defendant in error.

Opinion by PINKHAM, C. Plaintiff commenced this action against the defendants, Caldwell State Bank, M. L. Caldwell, Jesse Caldwell, and Russell Caldwell, to recover the sum of $693.62, alleged to be due and owing the plaintiff on account of work and labor performed and material furnished under a contract entered into by and between plaintiff and defendant M. L. Caldwell.

The trial court submitted the case to a referee to report to the trial court his findings of fact and conclusions of law.

The referee thereafter made his report, setting out the facts, and submitted his conclusions of law finding that the defendants Caldwell State Bank and M. L. Caldwell, were indebted to the plaintiff in the sum of $319.89, with interest from February 7, 1921.

Motion for a new trial was overruled and judgment rendered against the Caldwell State Bank and M. L. Caldwell for the amount of $341.47, and the costs of the action.

Numerous assignments of error are set out in the brief of plaintiffs in error, all of which involve reviews of the evidence before the referee.

We have carefully examined the findings of fact of the referee and the evidence contained in the record upon which the findings of fact are based. It would serve no useful purpose to discuss all of the questions raised by counsel for defendants in his brief, to any considerable extent.

It appears that the plaintiff and the defendant M. L. Caldwell entered into a contract whereby the plaintiff, in consideration equal to ten per centum of the cost of the materials and labor entering into the construction of a certain work, agreed to take charge of the work of overhauling, rebuilding, and repairing a part of a certain hotel

held under a lease by defendant Caldwell, the said work to be done in accordance with plans and specifications furnished by certain architects.

After the examination of a large number of witnesses the referee found from the evidence introduced that there was a balance due the plaintiff of $319.89, and concluded as a matter of law that the plaintiff was entitled to have and recover of and from the defendants, Caldwell State Bank and M. L. Caldwell, the said sum of $319.89, together with interest at 6 per cent. per annum from February 7, 1921.

It appears that on the 28th day of December, 1921, the defendants and each of them filed exceptions to the findings of fact and conclusions of law made by the referee. It is not clear from an examination of this record that defendants' exceptions were filed with and allowed by the referee. The exceptions, however, appear to have been filed by the referee in the superior court of Pottawatomie county on the 28th day of December, 1921, and on the following day the report of the referee was filed in said court.

It appear that both parties filed exceptions to the referee's report, and on the 20th day of February, 1922, the exceptions to the referee's report in this cause were presented by counsel for the respective parties and the said report was confirmed by the court, and the exceptions of both parties were overruled and denied, to which both plaintiff and defendants and each of them excepted.

We have carefully examined the evidence complained of by the plaintiffs in error and we cannot say that the findings of fact and conclusions of law of the referee and the judgment of the trial court are clearly against the weight of the evidence.

Finding no reversible error in the record we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.