## SUFFUDY et al. v. FRIER et al.

No. 25855.    Nov. 16, 1937.

Rehearing Denied March 8, 1938.

Blanton, Curtis & Blanton, for plaintiffs in error.

John C. Powell, for defendants in error.

HURST, J    The only question raised by this appeal is regarding the sufficiency of the evidence.    This is an equitable action, and in examining the evidence we are governed by the rule that the judgment of the court modifying and approving the report of a referee will not be disturbed on appeal unless it is against the clear weight of the evidence.    Caldwell State Bank v. Cowan (1924) 99 Okla. 50, 225 P. 690.

On December 4, 1924, the plaintiffs, as vendors, entered into two contracts with the defendants. By one contract plaintiffs agreed to construct a building and sell it to defendants for a price to be determined by a supplemental contract to be executed after completion of the building. By the other contract, plaintiffs rented the building to defendants for a term of ten years at the rate of $125 per month. After the completion of the building, and on October 14, 1925, the parties entered into the "supplemental"

contract whereby the defendants agreed to purchase the building for $15,000 to be paid at the rate of $125 per month. On November 1, 1925, defendants entered into possession of the building and made payments regularly until November 1, 1931. Defendants then defaulted, and plaintiffs commenced this suit in May, 1932.

The action was for rescission and cancellation of the contracts; and plaintiffs in their petition tendered to the defendants "all sums of money or things of value received" under the contracts, but alleged that they should be credited with a reasonable rental of the premises during its occupancy by defendants and also a reasonable sum for depreciation. The defendants filed an answer and cross-petition in which they accepted the offer of plaintiffs to rescind and alleged that they were entitled to certain enumerated things of value which had been received by plaintiffs from them, allowing credit for a reasonable rent for their use of the property during the time the contract was in force. The plaintiffs filed a motion to dismiss without prejudice, which was overruled, and a referee was appointed to hear the testimony and report to the court his finding of fact and conclusions of law.

The referee found that defendants were entitled to recover certain sums paid on the purchase price, for taxes, and insurance premiums, which were received by plaintiffs under the contracts. He denied defendants the right to recover for certain items, including the shelving in the building, on the ground that they were trade fixtures and were removable. He also denied defendants the right to recover certain sums paid to plaintiffs before these contracts went into effect and which he found to be paid independent of the contracts. He then found that defendants were entitled to a credit of $10,748 for all the sums of money and things of value received by plaintiffs from the defendants under the contracts. The referee determined the reasonable rental value of the premises to be $121 per month for the entire period, which, together with interest, amounted to a total sum of $12,180. As agreed in the pleadings, plaintiffs were entitled to recover a reasonable rent for defendants' use of the building, which amounted to $1,431.43 more than was owing to defendants as benefits received under the contract. Although the defendants were not allowed to recover the cost of the shelves and trade fixtures, the referee ordered that they were entitled to take them out of the building as their personal property.

The trial court modified the report of the referee by increasing the sum found to be paid as insurance premiums, by allowing defendants credit for certain sums spent as permanent improvements, and by providing that the rental value of $125 per month was to run only until November 1, 1931, and that from that time until February 1, 1934, the rent should be $75 per month. Thus the sums allowed to defendants were increased so that their total credit amounted to $11,316.82, while the decrease in the rent payable to the plaintiffs reduced their total credits to $11,238.24, and judgment was rendered in favor of defendants for the difference of $78.58.

The defendants bring this appeal contending that their recovery should be increased in two respects: First, that they should be allowed the cost of the cabinets and shelves which they caused to be constructed in the building, rather than be compelled to take the articles themselves. Second, that the reasonable rental value which they were required to pay plaintiffs, as determined by the court, was excessive. No other objections are made to the judgment.

■ Regarding the first proposition, the referee and the trial court found that the shelves and cabinets were not **permanent** improvements and could be removed without destruction or damage to the building. Section 11724, O. S. 1931, provides:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs; or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

The evidence discloses that the shelves were "fastened" to the building "by wire fasteners and with wire." We can find nothing regarding the "cabinets" and we assume they are part of the shelving complained about. No evidence is pointed out by defendants which would indicate any other manner than as stated above in which the shelving in question is attached to the realty, and there is no controversy in this case as to what constitutes permanent improvements and trade fixtures. The defendants do not deny that they are entitled to recover only for permanent improvements which increase the value of the realty. We have carefully read the record and conclude that the finding and judgment of the court

in refusing to credit the defendants with the cost of these articles for the reason that they are removable trade fixtures is not against the clear weight of the evidence.

As to the second proposition, plaintiffs and their witnesses declared the reasonable rental value of the premises to be $140 to $175 per month until 1929, and $75 to $150 subsequent to that date. On the other hand, defendants and their witnesses stated the rental value prior to about 1928 to be $75 to $85 per month, and $40 to $60 after that time. Considering the testimony of these witnesses, including their interest in the matter and their knowledge and qualifications, the evidence supports the judgment of the trial court in finding $125 per month to be a reasonable rental value from November 1, 1925, to November 1, 1931, and $75 per month to be a reasonable rental from November 1, 1931, to February 1, 1934.

The judgment is affirmed.

WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, V. C. J., and RILEY and DAVISON, JJ., absent. OSBORN, C. J., disqualified and not participating.